UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                          Case No: 12-25446-RBR
                                                Chapter 11
DAVID PINTO,

_____Debtor._____/

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIENS
ON REAL PROPERTY HELD BY US BANK, NATIONAL ASSOCIATION**

**RE: 993 NW 82ND AVE, CORAL SPRINGS, FL 33071**

COMES NOW, the Debtor in Possession, DAVID PINTO, by and through his undersigned attorney, and files this Motion to Value, pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3 for the Debtor's interest in the real property described below. In support of the Motion, the Debtor respectfully states the following:

JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter, the parties in interest, the property and interests in property affected hereby, pursuant to 28 U.S.C. §157 and §1334. Consideration of this motion is a core proceeding under 28 U.S.C. §157(b)(2)(A), (K) and (O).

2. The statutory predicates for the relief sought herein are §§105(a), 506(a) and 506(b) of the Bankruptcy Code and Bankruptcy Rules 2002 and 3007.

BACKGROUND

3. On or about June 26, 2012, the Debtor filed this Chapter 11 case.

4. The real property, which is the subject of this motion, is located at 993 NW 82nd Ave., Coral Springs, FL 33071, and is more particularly described as follows:

**Lot 1, Block T, of RAMBLEWOOD SOUTH, according to the Plat thereof as recorded in Plat Book 78, Page 19, of the Public Records of Broward County, Florida**

**ID #4841-27-03-4620**

5. **U.S. BANK, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., AS SUCCESSOR TRUSTEE TO LASALLE BANK, N.A. AS TRUSTEE FOR THE HOLDERS OF THE MILMI TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-FM1** ("**Lender**") holds a First Mortgage on the property in the amount of $569,769.64 recorded on January 24, 2006 at OR Book 41331, Page 701 in the Official Records of Broward County, Florida.

6. The real property which is the collateral of **Lender** is **not** solely the Debtor's principal residence.

## VALUATION

7. At the time of the filing of this case, the value of the real property is **$294,760.00** as determined by the Broward County Property Appraiser (See Exhibit A attached hereto). For the purpose of this motion, the Debtor is agreeable to accept this amount. However, the Debtor reserves the right to have the value determined by a specific appraisal should any adverse party contest this motion.

8. The Debtor requests the Court to value the real property in the amount as listed in paragraph 7 above.

9. As there are no known claims senior to that of the **Lender**, the value of **Lender's** secured interest in the real property is $ 294,760.00 and the value of the **Lender's** unsecured, deficiency claim is $ 275,009.64.

10. Pursuant to 11 U.S.C. § 506 and F.R.B.P. 3012 and other applicable code sections and

rules the Debtor alleges that the lien of **Lender** is undersecured and that the amount of such lien exceeds the value of the collateral and that the undersecured / unsecured portion of the lien of **Lender** should be voided pursuant to 11 U.S.C. § 506 (d).

11. The Debtor requests that the Court determine any unsecured portion be treated as a general unsecured claim based upon the aforesaid undersecured / unsecured status.

12. The Debtor further shows this court that any amounts claimed for post-petition attorneys fees, costs and interest and other expenses should be disallowed pursuant to § 506 since the notes and mortgage liens of the Lender are not oversecured.

**WHEREFORE,** the Debtor in Possession respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the lien of **Lender** as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) providing such other and further relief as is just.

### CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Advantage Law Group, P.A.
Attorney for the Debtor in Possession
950 S. Pine Island Road, Ste. A-150
Plantation, FL 33324
Phone: 954-727-8271
Fax:     954 727-8724

By:   */s/ Stan L. Riskin*
        Stan L. Riskin, Esq.
        Fla. Bar No. 129106
        Stan.Riskin@gmail.com



| | |
|---|---|
| **Site Address** | 993 NW 82 AVENUE , CORAL SPRINGS |
| **Property Owner** | PINTO,DAVID |
| **Mailing Address** | 993 NW 82 AVE CORAL SPRINGS FL 33071 |

| | |
|---|---|
| **ID #** | 4841 27 03 4620 |
| **Millage** | 2812 |
| **Use** | 01 |

| | |
|---|---|
| **Abbreviated Legal Description** | RAMBLEWOOD SOUTH 78-19 B LOT 1 TOGETHER WITH S1/2 OF VACATED R/W ABUTTING LOT 1 BLK T |

The just values displayed below were set in compliance with Sec. 193.011, Fla. Stat., and include a reduction for costs of sale and other adjustments required by Sec. 193.011(8).

### Property Assessment Values
Click here to see 2012 Exemptions and Taxable Values to be reflected on Nov. 1, 2012 tax bill.

| Year | Land | Building | Just / Market Value | Assessed / SOH Value | Tax |
|---|---|---|---|---|---|
| 2013 | $165,340 | $129,420 | $294,760 | $294,760 | |
| 2012 | $165,340 | $129,420 | $294,760 | $294,760 | $6,637.47 |
| 2011 | $196,350 | $102,190 | $298,540 | $298,540 | $6,663.61 |

**IMPORTANT:** The 2013 values currently shown are "roll over" values from 2012. These numbers will change frequently online as we make various adjustments until they are finalized on June 1. Please check back here AFTER June 1, 2013, to see the actual proposed 2013 assessments and portability values.

### 2013 Exemptions and Taxable Values by Taxing Authority

| | County | School Board | Municipal | Independent |
|---|---|---|---|---|
| **Just Value** | $294,760 | $294,760 | $294,760 | $294,760 |
| **Portability** | 0 | 0 | 0 | 0 |
| **Assessed/SOH** | $294,760 | $294,760 | $294,760 | $294,760 |
| **Homestead** | 0 | 0 | 0 | 0 |
| **Add. Homestead** | 0 | 0 | 0 | 0 |
| **Wid/Vet/Dis** | 0 | 0 | 0 | 0 |
| **Senior** | 0 | 0 | 0 | 0 |
| **Exempt Type** | 0 | 0 | 0 | 0 |
| **Taxable** | $294,760 | $294,760 | $294,760 | $294,760 |

### Sales History

| Date | Type | Price | Book | Page |
|---|---|---|---|---|
| 1/17/2006 | QCD | $100 | 41331 | 698 |
| 9/15/2003 | QCD | $100 | 38668 | 858 |
| 9/15/2003 | WD | $289,700 | 36092 | 1483 |
| 6/24/1998 | WD | $145,000 | 28497 | 580 |
| 4/1/1985 | WD | $127,500 | 12509 | 297 |

### Land Calculations

| Price | Factor | Type |
|---|---|---|
| $8.00 | 20,668 | SF |
| | | |
| | | |
| | | |
| **Adj. Bldg. S.F.** (See Sketch) | | 2593 |
| **Units** | | 1 |

### Special Assessments